UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PUBLIC PENSION FUND GROUP, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) | | |
| Plaintiff, ) ) | | |
| vs. ) ) | No. 4:08-CV-1859 (CEJ) | |
| KV PHARMACEUTICAL COMPANY, et al., ) ) ) ) | | |
| Defendants. ) | | |

---

| | | |
|---|---|---|
| HERMAN UNVERICHT, Individually and on Behalf of All Others Similarly Situated, ) ) ) | | |
| Plaintiff, ) ) | | |
| vs. ) ) | No. 4:09-CV-61 (CEJ) | |
| KV PHARMACEUTICAL COMPANY, et al., ) ) ) ) | | |
| Defendants. ) | | |

---

| | | |
|---|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, ) ) ) ) | | |
| Plaintiff, ) ) | | |
| vs. ) ) | No. 4:09-CV-138 (CEJ) | |
| KV PHARMACEUTICAL COMPANY, et al., ) ) ) | | |
| Defendants. ) | | |

---

HAROLD S. CROCKER, JR., Individually )

| | | |
|---|---|---|
| and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:09-CV-198 (JCH) |
| KV PHARMACEUTICAL COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ANNA BODNAR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:09-CV-222 (HEA) |
| KV PHARMACEUTICAL COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| HEATHER KNOLL, on Behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:09-CV-297 (JCH) |
| KV PHARMACEUTICAL COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are the motions of defendants KV Pharmaceutical Co. (KV) and Ronald J. Kanterman (Kanterman) to transfer related cases Harold S. Crocker, Jr., v. KV Pharm. Co., et al., No. 4:09-CV-198 (JCH), Anna Bodnar v. KV Pharm. Co., et al., No. 4:09-CV-222 (HEA), and Heather Knoll v. KV Pharm. Co., et al., No. 4:09-CV-297 (JCH), (collectively, the ERISA Actions), to United States District Judge Carol E.

Jackson, who is presiding over <u>Public Pension Fund Group v. KV Pharm. Co., et al.</u>, No. 4:08-CV-1859 (CEJ), <u>Herman Unvericht v. KV Pharm Co., et al.</u>, No. 4:09-CV-61 (CEJ), and <u>Norfolk County Ret. Sys. V. KV Pharm. Co., et al.</u>, 4:09-CV-138 (CEJ), (collectively, the Securities Actions). Plaintiffs in the ERISA Actions oppose the motions, and the issues are fully briefed.

I.     **Background**

On December 2, 2008, Joseph Mas filed a class action complaint against KV, Kanterman, and other KV directors and officers, on behalf of himself and all others, who purchased KV publicly-traded securities between February 15, 2008 and November 12, 2008 (the first securities class period). (Mas Compl. ¶¶ 1, 7-12 ; Doc. #1, at 1-2). Mas alleges that the defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the 1934 Act), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, by issuing materially false and misleading statements about KV's compliance with federal regulations as well as KV's current and future financial position. (Mas Compl. ¶ 5).

On January 9, 2009, Herman Unvericht filed the second, securities class action complaint against the same defendants, alleging identical violations of the 1934 Act during the first securities class period. (Unvericht Compl. ¶¶ 1, 7-12; Doc. #1, at 1-3). On January 21, 2009, the Norfolk County Retirement System (Norfolk County) filed the third, securities class action complaint against the same defendants, on behalf of itself and all others, who purchased KV securities between May 31, 2007 and November 12, 2008 (the second securities class period). (Norfolk County Compl. ¶¶ 1, 7-12; Doc. #1, at 1-3). Norfolk County alleges that the defendants violated the 1934 Act during the second securities class period. (Norfolk County Compl. ¶ 5).

On February 3, 2009, Harold S. Crocker, Jr., a participant in the KV Pharmaceutical Company Fifth Restated Profit Sharing Plan and Trust (the Plan), filed a class action complaint against KV, Kanterman, and other KV directors and officers, on behalf of himself, participants in, and beneficiaries of the Plan, whose individual accounts held an interest in KV common stock between March 31, 2006 and the present (the first ERISA class period).[1] (Crocker Amend. Compl. ¶¶1-2, 7-12; Doc. #46, at 1,4-6). Crocker alleges that the defendants, as fiduciaries of the Plan, violated the Employment Retirement Income Security Act of 1964 ("ERISA") by causing the Plan to imprudently invest in KV's common stock when the defendants knew or should have known that KV was not accurately recording its financial condition or properly disclosing its financial condition to the public. (Crocker Amend. Compl. ¶ 1). Crocker further asserts, *inter alia*, that: (1) KV's facilities and procedures were not in material compliance with applicable regulations; (2) KV's financial statements were not in material compliance with applicable regulations and accounting standards; (3) KV failed to maintain sufficient management controls to timely address problems; and (4) KV undermined its integrity with the investing public when KV faced insolvency. (Crocker Amend. Compl. ¶ 3).

On February 10, 2009, Anna Bodnar, a participant in the Plan, filed the second ERISA class action complaint against KV, Kanterman, and other KV directors and officers, on behalf of herself, other participants in, and beneficiaries of the Plan, whose individual accounts held an interest in KV common stock between May 31, 2007 and the present (the second ERISA class period). (Bodnar Compl. ¶¶ 1-2, 15-33; Doc. #1, at 1-2, 6-10). Bodnar alleges substantively identical violations of ERISA that Crocker asserted in his complaint. (Bodnar Compl. ¶¶ 3-4).

---

[1]On March 4, 2009, Crocker filed an amended complaint.

On February 24, 2009, Heather Knoll, a participant in the Plan, filed the third ERISA class action complaint against KV, Kanterman, and other KV directors and officers, on behalf of herself, other participants in, and beneficiaries of the Plan, whose individual accounts held an interest in KV common stock between February 15, 2008 and the present (the third ERISA class period). (Knoll Compl. ¶¶ 1-2, 10-21; Doc. #1, at 1-2, 4-7). Knoll alleges that the defendants, as fiduciaries of the Plan, violated ERISA by, *inter alia*,: (1) continuing to offer KV stock as a retirement saving option; (2) continuing to acquire and hold shares of KV stock in the Plan when it was imprudent to do so; and (3) failing to provide complete and accurate information to participants about KV's financial condition. (Knoll Compl. ¶ 3).

In a Memorandum and Order dated April 15, 2009, the Court consolidated the Securities Actions and appointed the Public Pension Fund Group as lead plaintiff, the firms of Labaton Sucharow LLP and Bernstein Litowitz Berger & Grossmann LLP as lead counsel, and the firm of Osburn, Hine, Kuntze, Yates & Murphy, L.L.C. as liaison counsel.

II. **Discussion**

The parties dispute whether one judge should preside over both the ERISA and Securities Actions. Defendants argue that "this Court may exercise its discretion under Rule 42(a) of the Federal Rules of Civil Procedure to transfer[,] for coordination[,] all six cases before it to 'avoid unnecessary cost or delay.'" (Doc. #38, at 4, in Public Pension Fund Group v. KV Pharm. Co., et al., No. 4:08-CV-1859 (CEJ)) (citing Fed.R.Civ.P. 42(a); E.D. Mo. L.R. 4.03). Defendants' reliance on Local Rule 4.03 and Rule 42(a) is misplaced. Local Rule 4.03 applies to motions to consolidate, and Rule 42(a), Fed.R.Civ.P., addresses the Court's discretion to consolidate actions. In the instant motion, defendants do not request that the Court consolidate the ERISA

Actions. Rather, defendants ask that the Court transfer the ERISA Actions to one district judge. As such, Local Rule 4.03 and Rule 42(a) do not apply.

The Federal Rules of Civil Procedure and the Court's Local Rules do not mention motions to transfer related actions, and the Eighth Circuit has not addressed these types of motions. As such, defendants' citation to the Manual for Complex Litigation is instructive. The ERISA and Securities Actions involve complex factual allegations and legal theories. Moreover, the actions consist of "two or more separate but related cases." MANUAL FOR COMPLEX LITIGATION (Fourth) §§ 10.123, 10.31 (2004).

The Manual for Complex Litigation provides that "[a]ll related civil cases pending in the same court should initially be assigned to a single judge to determine whether consolidation, or at least coordination of pretrial proceedings, is feasible and is likely to reduce conflicts and duplications." MANUAL FOR COMPLEX LITIGATION § 20.11 (internal citation omitted) (emphasis added). Plaintiffs in the ERISA Actions argue that the Court should not transfer these actions because "[t]he theories of relief and defenses under ERISA are entirely different and distinct from those under the securities laws." (Doc. #40, at 6; #41, at 4, in Public Pension Fund Group v. KV Pharm. Co., et al.). Despite the differences between the ERISA and the federal securities laws, as defendants KV and Kanterman note, "overwhelming authority, including the very case law cited by plaintiffs in opposition to the Motion[s] to Transfer, supports [defendants'] proposal that ERISA and Securities cases should proceed before a single judge." (Doc. #43, at 4, in Public Pension Fund Group v. KV Pharm. Co., et al.) (citing Hill v. The Tribune Co., 2005 WL 3299144, *1 (N.D. Ill. Oct. 13, 2005) ) (one judge presided over separately consolidated ERISA and Securities cases with coordinated discovery); S.E.C. v. Nacchio, No. Civ.A05CV00480MSKCBS, 2005 WL 1799372, *2 (D. Colo. July 28, 2005) (same); In re Cardinal Health, Inc., 365 F.Supp. 2d 866, 870 n.2 (S.D. Ohio

2005) (same); (Doc. ##41-1 to 41-5 in <u>Public Pension Fund Group v. KV Pharm. Co., et al.</u>) (same).

In addition, the Court agrees with defendants KV and Kanterman that "[t]he material facts alleged in [the ERISA and Securities Actions] are substantially equivalent." (Doc. #38, at 4, in <u>Public Pension Fund Group v. KV Pharm. Co., et al.</u>). Each complaint contains allegations that the defendants provided materially false and misleading statements in the: (1) the press releases issued on February 15, 2008, February 28, 2008,[2] June 16, 2008, June 25, 2008; (2) Form 10-K dated June 26, 2008; and (3) the press releases issued on July 29, 2008 and August 11, 2008. <u>See</u> (Mas Compl. ¶¶ 15-30, 32-33; Unvericht Compl. ¶¶ 15-30, 32-33; Norfolk County Compl. ¶¶ 18-33, 35-36; Crocker Amend. Compl. ¶¶ 30-61; Bodnar Compl. ¶¶ 77-108, 113-16; Knoll Compl. ¶¶ 49-66). With the exception of Knoll's complaint, plaintiffs in the ERISA and Securities Actions also base their claims on the defendants' omissions and misrepresentations in the press releases dated November 10, 2008 and November 13, 2008. Moreover, ERISA plaintiff Crocker admits, in his complaint, that the "Securities Actions share many common facts" with the ERISA Actions. (Crocker Amend. Compl. ¶ 70). Therefore, to preserve judicial economy and prevent inconsistent adjudications, the Court finds that it is appropriate that one judge should preside over the ERISA and Securities Actions. As such, the ERISA Actions shall be transferred to a single district judge.

Accordingly,

---

[2]The Mas, Unvericht, and Norfolk County complaints identify this press release as dated February 25, 2008, but the Crocker, Bodnar, and Knoll complaints identify it as dated February 27, 2008. KV's website indicates that it was issued on February 28, 2008. <u>See</u> Press Release, <u>KV Pharmaceutical Reports Record Revenues for Fiscal 2008 Third Quarter and Year-To-Date on a Preliminary Basis</u> (Feb. 28, 2008), *available at* http://www.kvpharmaceutical.com/press_releases.aspx?button=9 (last visited Apr. 22, 2009).

**IT IS HEREBY ORDERED** that the motions of defendants KV Pharmaceutical Co. and Ronald J. Kanterman in <u>Public Pension Fund Group v. KV Pharm. Co., et al.</u>, No. 4:08-CV-1859 (CEJ), to transfer the ERISA cases [Doc. ##38, 45] are **granted**.

**IT IS FURTHER ORDERED** that <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>, No. 4:09-CV-198 (JCH), <u>Anna Bodnar v. KV Pharm. Co., et al.</u>, No. 4:09-CV-222 (HEA), and <u>Heather Knoll v. KV Pharm. Co., et al.</u>, No. 4:09-CV-297 (JCH), are **transferred** to the undersigned district judge.

**IT IS FURTHER ORDERED** that the unopposed motion of movant Heather Knoll in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>, No. 4:09-CV-198 (JCH), to intervene, pursuant to Rule 24(b), Fed.R.Civ.P., in that action for the purpose of filing a response to the motion to consolidate [Doc. #23] is **granted**.

**IT IS FURTHER ORDERED** that intervener Heather Knoll shall have until **May 5, 2009**, to file a response to the motion to consolidate in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>, No. 4:09-CV-198 (JCH).

                                                                                     _____
                                                                                     CAROL E. JACKSON
                                                                                     UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2009.