UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MAS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:08-CV-1859 (CEJ) |
| KV PHARMACEUTICAL COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |
| HERMAN UNVERICHT, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:09-CV-61 (CEJ) |
| KV PHARMACEUTICAL COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |
| NORFOLK COUNTY RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:09-CV-138 (CEJ) |
| KV PHARMACEUTICAL COMPANY, et al., | ) ) ) | ) |
| Defendants. | ) | |

**AMENDED MEMORANDUM AND ORDER**

These related matters are before the Court on the motions of (1) the New Jersey Carpenters Pension Fund and Edward Streen and (2) the Public Pension Fund Group[1]

---

[1]The Public Pension Fund Group includes the State-Boston Retirement System and the Norfolk County Retirement System. Proposed, lead plaintiff El Paso Firemen and Policemen's Pension Fund has withdrawn from the Public Pension Fund Group as a movant for lead plaintiff status. See (Doc. #35).

to consolidate, to be appointed lead plaintiff, and for approval of counsel.

I. **Consolidation**

Rule 42(a), Fed. R. Civ. P., provides that a court may consolidate actions involving common questions of law or fact. Defendant KV Pharmaceutical Company (KV) develops, manufactures, and markets generic and branded prescription drug products. Three securities class actions have been filed in this district by investors, alleging that defendants KV, Marc S. Hermelin, KV's Chairman and Chief Executive Officer, Ronald J. Kanterman, KV's Vice President and Chief Financial Officer, and Richard H. Chibnall, KV's Vice President of Finance and Chief Accounting Officer, issued materially, false and misleading statements, regarding KV's compliance with federal regulations that govern the manufacture and marketing of certain generic drug products containing guaifenesin as well as KV's current and future financial prospects. The plaintiffs in Norfolk County Ret. Sys. v. KV Pharm. Co. et al., No. 4:09-CV-138 (CAS), allege that they purchased KV securities between May 31, 2007 and November 12, 2008 (the first class period); however, the plaintiffs in Joseph Mas v. Pharm. Co. et al., No. 4:08-CV-1859 (CEJ), and Herman Unvericht v. KV Pharm. Co. et al., No. 4:09-CV-61 (RWS), allege that they purchased KV securities between February 15, 2008 and November 12, 2008 (the second class period) when the prices were artificially inflated as a result of defendants' misrepresentations and omissions. The overlapping class periods do not defeat consolidation of the actions. See Tice v. Novastar Fin., Inc., 2004 WL 1895180, at *1 (W.D. Mo. Aug. 23, 2004) (consolidating actions with different class periods). The parties agree, and the Court finds, that the actions involve common questions of law and fact, and that consolidation under Rule 42(a) is appropriate.

II. **Lead Plaintiff, Lead Counsel and Liaison Counsel**

When Congress enacted the Private Securities Litigation Reform Act of 1995 (PSLRA), it "sought to create mechanisms to ensure the protection of class members' interests in securities litigation that was widely perceived as being lawyer-instituted and lawyer-driven." In re BankAmerica Corp. Sec. Litig., 350 F.3d 747, 751 (8th Cir. 2003). Thus, the PLSRA requires "district courts to appoint a lead plaintiff or lead plaintiff group to represent aggrieved shareholders and requir[es] these lead plaintiffs to select counsel." Id. (citing 15 U.S.C. §§ 78u-4(a)(3)(B)(i) and (v)).

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in private plaintiff class actions brought under the Exchange Act. See 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i). The Act provides that the Court shall appoint as lead plaintiff the member or members of the purported class "that the court determines to be the most capable of adequately representing the interests of the class members." Id. In so doing, the Court adopts a rebuttable presumption that the most adequate plaintiff "is the person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Although Rule 23(a) includes four requirements -- numerosity, commonality, typicality, and adequacy -- the presumptive lead plaintiff "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." Reese v. Bahash, 248 F.R.D. 58, 61-62 (D.D.C. Feb. 11, 2008). The Court "must deem" the movant with the largest financial interest the presumptive lead plaintiff if

it "makes a prima facie showing that it satisfies the typicality and adequacy requirements of Rule 23"). Id. (quoting In re Fannie Mae Sec. Litig., 355 F.Supp.2d 261, 263 (D.D.C. 2005)). The statute further provides that the presumption:

> [M]ay be rebutted only upon proof by a member of the purported class that the presumptively most adequate plaintiff—
>
> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Finally, under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

The Public Pension Fund Group is entitled to a rebuttable presumption that it is the most adequate plaintiff. On December 2, 2008, plaintiff Joseph Mas published notice of the action on *Business Wire*, a national, business-oriented wire service, and the Public Pension Fund Group timely filed its motion to be appointed as lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(I), accompanied by a certification as described in 15 U.S.C. § 78u-4(a)(2)(A). The Public Pension Fund Group has provided evidence that it: (1) purchased 42,226 shares of KV securities; (2) sold 38,920 shares; (3) expended $1,059,187 during the second class period; and (4) suffered losses equal to $948,396 under the first-in-first-out (FIFO) analysis and $892,693 under the last-in-first-out (LIFO) analysis. Therefore, the Public Pension Fund Group's financial interest exceeds that of the New Jersey Carpenters Pension Fund and Edward Streen, who: (1) purchased 96,604 shares of KV securities; (2) sold 16,500 shares; (3) expended $356,255 during the second class period; and (4) suffered losses equal to $361,083

under FIFO and $282,671 under LIFO.  Therefore, the Court finds that the Public Pension Fund Group satisfies § 78u-4(a)(3)(B)(iii)(I)(aa) and (bb).

The typicality requirement of Rule 23(a)(3) is satisfied when each class member makes similar legal arguments to prove the defendant's liability.  <u>In re</u> <u>Drexel Burnham Lambert Group, Inc.</u>, 960 F.2d 285, 291 (2d Cir. 1992).  In the instant case, the class consists of those who, like the Public Pension Fund Group, purchased KV securities during the class periods at inflated prices and suffered damages as a result.  As such, the Public Pension Fund Group satisfies the typicality requirement.

Under Rule 23(a)(4), the representative plaintiff must "fairly and adequately protect the interests of the class."  Under the PSLRA, the adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no antagonism between the interests of the proposed lead plaintiff and the other members of the class; and (3) the proposed lead plaintiff has sufficient interest in the outcome to ensure vigorous advocacy.  <u>Kaplan v. Gelfond</u>, 240 F.R.D. 88, 94 (S.D.N.Y. Jan. 18, 2007).  The Court concludes that the Public Pension Fund Group satisfies the adequacy requirement.  The Public Pension Fund Group has established all requirements and shall be selected as the lead plaintiff.

The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(b)(v).  The Public Pension Fund Group seeks approval of the firm of Labaton Sucharow LLP as lead counsel.  Upon review of the firm's resume, the Court finds that the firm has adequate experience litigating securities class actions and possess adequate resources to manage the litigation.  The Public Pension Fund Group also requests the appointment of the firm of Osburn, Hine, Kuntze, Yates & Murphy, L.L.C. to serve as liaison counsel.  Both requests will be granted.

Defendant KV Pharmaceutical Company has requested an extension of time to file an answer or other responsive pleading until after the lead plaintiff files an amended complaint or indicates that he intends to proceed on the existing complaint. That request will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Public Pension Fund Group to consolidate actions, for appointment as lead plaintiff, and for approval of lead counsel [Doc. #16] is **granted**.

**IT IS FURTHER ORDERED** that the Public Pension Fund Group is appointed as lead plaintiff, the firm of Labaton Sucharow LLP is appointed as lead counsel, and the firm of Osburn, Hine, Kuntze, Yates & Murphy, L.L.C. is appointed as liaison counsel.

**IT IS FURTHER ORDERED** that <u>Herman Unvericht v. KV Pharm. Co., et al.</u>, No. 4:09-CV-61 (RWS), and <u>Norfolk County Ret. Sys. v. KV Pharm. Co., et al.</u>, No. 4:09-CV-138 (CAS), are consolidated with this action, <u>Joseph Mas v. KV Pharm. Co., et al.</u>, No. 4:08-CV-1859 (CEJ).

**IT IS FURTHER ORDERED** that henceforth all pleadings and other documents in this matter shall be filed in <u>Joseph Mas v. KV Pharm. Co., et al.</u>, No. 4:08-CV-1859 (CEJ). See E.D.MO. L.R. 4.03 ("the consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case.").

**IT IS FURTHER ORDERED** that motion of the New Jersey Carpenters Pension Fund and Edward Streen to consolidate actions, for appointment as lead plaintiff, and for approval of lead counsel [Doc. #20] is **denied**.

**IT IS FURTHER ORDERED** that, pursuant to its notice of withdrawal [Doc. #35], proposed, lead plaintiff El Paso Firemen and Policemen's Pension Fund is **withdrawn** as a movant of the Public Pension Fund Group for lead plaintiff status.

**IT IS FURTHER ORDERED** that, pursuant to his notice of withdrawal [Doc. #37], the motion of proposed, lead plaintiff James K. Petersen Jr. to consolidate actions, for appointment as lead plaintiff, and for approval of lead counsel [Doc. #14] is **withdrawn**.

**IT IS FURTHER ORDERED** that, not later than **April 30, 2009**, lead plaintiff shall inform the Court whether it intends to proceed on the existing complaint or to file an amended complaint. Any amended complaint shall be filed not later than **May 25, 2009**.

**IT IS FURTHER ORDERED** that the motion of defendant KV Pharmaceutical Company for an extension of time to file an answer or other responsive pleading [Doc. #26] is **granted**. In the event that lead plaintiff notifies the Court that it shall file an amended complaint, defendant KV Pharmaceutical Company's answer shall be due as provided by the Federal Rules of Civil Procedure.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2009.