UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PUBLIC PENSION FUND GROUP, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:08-CV-1859-CEJ |
| | ) |
| KV PHARMACEUTICAL COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT RITA E. BLESER'S MEMORANDUM IN OPPOSITION TO LEAD PLAINTIFFS' MOTION PURSUANT TO RULE 59(e) AND RULE 60(b)(2) FOR RELIEF FROM THE ORDER OF DISMISSAL
TO AMEND THE PLEADINGS PURSUANT TO RULE 15**

COMES NOW Defendant Rita E. Bleser ("Ms. Bleser"), by and through her attorneys, pursuant to Local Rule 7-4.01 and submits this Memorandum in Opposition to Lead Plaintiffs' Motion Pursuant to Rule 59(e) and Rule 60(b)(2) for Relief from the Order of Dismissal to Amend the Pleadings Pursuant to Rule 15 ("Motion").  Plaintiffs' Motion should be denied because Plaintiffs fail to allege any new allegations against Ms. Bleser that would produce a different result.  The Order of Dismissal should not be vacated and Plaintiffs should not be allowed to amend the pleadings.

## ARGUMENT

Rule 59(e) allows for Motions to alter or amend a judgment, while Rule 60(b)(2)  allows relief from a judgment upon newly discovered evidence.  To prevail under these rules, Plaintiffs must show that (1) the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not

1

merely cumulative or impeaching, (4) that the evidence is material, **and** (5) that the evidence would probably have produced a different result. *Mansfield v. Stanley*, 2009 WL 1588660, 4 (E.D. Mo. 2009).  See also *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 n. 3 (8th Cir.2006).

In this case Plaintiffs do not show that the allegedly newly discovered evidence would produce a different result because none of this evidence offers new allegations against Ms. Bleser.  Nor do they link any of this alleged new evidence to the allegations in their past or proposed Complaint to or against Ms. Bleser.  The Information filed on March 2, 2010 by the United States Attorney for the Eastern District of Missouri, charges that ETHEX, not Ms. Bleser, acted "with the intent to defraud and mislead." *See* Information, ¶¶ 19, 21, Document 120-2, attached as Exhibit 4 to the Second Consolidated Amended Complaint, which is attached as Exhibit A to Lead Plaintiffs' Memorandum of Law in Support of Their Motion Pursuant to Rule 59(e) and Rule 60(b)(2), Document 120.  None of the allegations contained in the Information are in any way directed against Ms. Bleser and Plaintiffs do not point to any.  Indeed, in the proposed Second Consolidated Amended Complaint ("Second Complaint"), Plaintiffs link the unnamed "Corporate Executive A" in the Information to someone other than Ms. Bleser.  *See* Second Consolidated Amended Complaint, ¶ 113, Document 120-1, attached as Exhibit A to Lead Plaintiffs' Memorandum of Law in Support of Their Motion Pursuant to Rule 59(e) and Rule 60(b)(2), Document 120.

Likewise, neither affidavit submitted by Plaintiffs in the Second Complaint offer additional evidence against Ms. Bleser.  The England Affidavit addresses FDA procedures while the Preston Affidavit discusses when certain documents entered the market. *See* Second Consolidated Amended Complaint, Exhibits 5 and 6, Document 120-2, attached as Exhibit A to

Lead Plaintiffs' Memorandum of Law in Support of Their Motion Pursuant to Rule 59(e) and Rule 60(b)(2), Document 120. The so-called new found evidence has absolutely nothing to do with Ms. Bleser, so Plaintiffs cannot remove the dismissal as to her.

As pointed out by the Court in the Memorandum and Order entered February 22, 2010, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). The Court's Memorandum and Order disposed of the allegations against Ms. Bleser quite simply; Plaintiffs fail to allege any, much less significant, facts to satisfy the first element of a 10(b) claim – a material misrepresentation or omission. *See* Memorandum and Order, p. 23, Document 117.

Plaintiffs' proposed Second Complaint offers no additional facts warranting relief from this ruling. Nothing in the Information or either Affidavit is directed against Ms. Bleser. The Information contains two Counts against ETHEX, and provides allegations against "Corporate Executive A" which, Plaintiffs concede, is NOT Ms. Bleser. Plaintiffs also effectively concede in their Memorandum that the alleged newly discovered evidence is not enough to sustain amending the entire Complaint; Plaintiffs state that in light of the Information, the Amended Complaint would have been sustained, **at least in part**. *See* Lead Plaintiffs' Memorandum of Law in Support of Their Motion Pursuant to Rule 59(e) and Rule 60 b)(2), p. 5, Document 120, (emphasis added). Since none of the new allegations offered by Plaintiff add anything more against Ms. Bleser in order to produce a different result, Plaintiffs cannot amend the pleadings pursuant to Rule 15.

**CONCLUSION**

Based on the foregoing reasons and authorities, Plaintiffs' Motion should be denied and Plaintiffs should not be allowed to amend the pleadings.

DATED:  March 23, 2010

>Respectfully Submitted,
>
>REEG LAWYERS, LLC
>
>
>By:  /s/  Kurtis B. Reeg
>Kurtis B. Reeg, #4143
>kreeg@reeglawfirm.com
>Timothy A. McGuire, #7866
>tmcguire@reeglawfirm.com
>1 North Brentwood Blvd., Suite 950
>St. Louis, Missouri  63105
>(314) 446-3350 Office
>(314) 446-3360 Facsimile

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 23rd day of March, 2010, the foregoing document was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon the attorneys of record.

>By:  /s/  Kurtis B. Reeg