UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PUBLIC PENSION FUND GROUP, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:08-CV-1859 (CEJ) |
| ) | |
| KV PHARMACEUTICAL COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on lead plaintiffs' motion for relief from the order of dismissal, pursuant to Fed.R.Civ.P. 59(e) and 60(b)(2), and to amend pleadings, pursuant to Fed.R.Civ.P. 15. Defendants oppose the motion, and the issues have been fully briefed.

On February 22, 2010, the Court granted defendants' motions to dismiss and dismissed plaintiffs' consolidated amended complaint.[1] The Court found that the complaint failed to make allegations of fraud with such particularity as required by Rule 9(b) and the PSLRA. Plaintiffs now ask that the Court vacate that order such that plaintiffs can be afforded an opportunity to file a second amended complaint, which they have attached to their motion.

The parties disagree as to the legal standard applicable for reviewing a post-judgment motion to vacate and amend. Defendants assert that the restrictive standards of Rule 59(e) and 60(b) apply, while plaintiffs insist that the more liberal "freely give" standard of Rule 15(a)(2) is applicable.

---

[1]Lead plaintiffs alleged that defendants violated § 10(b) of the Securities Exchange Act and the Securities Exchange Commission Rule 10b-5(a)-(c). For purposes of this motion, it is not necessary to further discuss the factual background of the complaint. The allegations of the complaint were discussed in depth in the Memorandum and Order entered February 22, 2010.

Although plaintiffs are seeking relief pursuant to Rule 59(e) and 60(b), the customary standards which accompany those rules are not fully applicable "to the task of determining when a plaintiff who has failed to plead fraud with particularity . . . should be permitted, post-judgment, to try again." U.S. *ex rel.* Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823 (8th Cir. 2009). Instead, in these situations, the Court must apply the standards of Rule 15(a)(2), which "favor affording parties an opportunity to test their claims on the merits." Id. at 824.

Still, "plaintiffs do not enjoy an absolute or automatic right to amend a deficient . . . complaint." Id. at 822. "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." Id. Thus, while leave to amend a pleading should be freely granted when the motion is made pre-judgment, "different considerations apply to motions filed after dismissal". Id. at 823. Even where the complaint was dismissed for failure to plead fraud with particularity, the court retains "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored." Id. at 824.

In support of their motion, lead plaintiffs cite a guilty plea entered by ETHEX, a subsidiary of defendant KV Pharmaceutical Company. Pursuant to the guilty plea, ETHEX admitted that it failed to notify the FDA through "field alerts" of the discovery of oversized tablets of Propafenone and Dextroamphetamine. ETHEX entered into the guilty plea just days after the Court dismissed the amended complaint. In addition to the allegations relating to the guilty plea, plaintiffs also seek leave to add two expert reports that, according to plaintiffs, will "cure the deficiencies set forth in the Court's Memorandum and Order". (Doc. #120, at 5).

The Court is mindful of the Rule 15(a)(2) considerations favoring disposition of claims on their merits. Nevertheless, the Court believes that other circumstances in

this matter support the denial of plaintiffs' motion. First, plaintiffs' have not conclusively established that the second amended complaint would cure the deficiencies of the first. The primary basis for plaintiff's motion is the plea agreement reached days after the order of dismissal. The admission by ETHEX in the plea agreement that the FDA was not notified through "field alerts" regarding the oversized tablets was an allegation that was pled in the first amended complaint. For purposes of the motions to dismiss, the Court treated all allegations within the complaint as true. Therefore, the plea agreement, at most, merely added evidentiary support for allegations that the Court was already treating as true. Further, it is unclear that the unlawful activities described in the plea agreement relate to the same time frame that is relevant in this matter. The activities described in the criminal information to which ETHEX pled guilty take place after May 2008, which covers only a small portion of the relevant class period. Finally, there is nothing in the guilty plea that mentions the individual defendants to this action, and it is highly questionable whether the second amended complaint would survive similar motions to dismiss filed by those defendants. For these reasons, the Court is not convinced that the ETHEX guilty plea is a sufficient basis for vacating the dismissal order and will not allow plaintiffs to file a second amended complaint post-judgment.

Accordingly,

**IT IS HEREBY ORDERED** that lead plaintiffs' motion for relief from the order of dismissal and to amend pleadings [Doc. #119] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2010.