UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PUBLIC PENSION FUND GROUP, et al., )
)
      Plaintiffs, )
)
vs. )
) No. 4:08-CV-1859 (CEJ)
KV PHARMACEUTICAL COMPANY, et al., )
)
      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Public Pension Fund Groups to modify the order granting a stay with respect to non-debtor defendant. Memoranda in opposition have been filed by KV Pharmaceutical Company, the debtor defendant, and Marc Hermelin, the non-debtor defendant. The issues are fully briefed.

**I. Background**

On December 2, 2008, Joseph Mas filed a complaint against KV and its executive officers alleging that they had issued materially false and misleading statements regarding KV's compliance with federal regulations as well as KV's current and future financial prospects. The lawsuit was brought as a class action on behalf of purchasers of KV securities. Subsequently, two additional class action lawsuits were filed against KV alleging similar violations.

In an order dated April 15, 2009, the Court consolidated the three securities class actions and appointed Public Pension as lead plaintiff. On May 22, 2009, Public Pension filed a consolidated amended complaint against defendants KV, Marc Hermelin, and two other individuals, alleging violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(a)-(c) promulgated thereunder. The defendants filed separate motions to dismiss which were granted by the Court.

On March 18, 2010, Public Pension filed a motion for relief from the order of dismissal and for leave to amend the complaint. Public Pension also filed a notice of appeal of the order of dismissal. On October 20, 2010, Public Pension's motion for relief was denied and the notice of appeal was docketed in the United States Court of Appeals for the Eighth Circuit. On June 4, 2012, the Court of Appeals issued an opinion affirming in part and reversing in part, and the case was remanded to this Court.

On August 4, 2012, KV filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. On August 10, 2012, pursuant to 11 U.S.C. § 362(a), this Court, *sua sponte*, entered an Order staying all proceedings in this action pending completion of the bankruptcy case. The phrase "all proceedings" meant that all actions against KV and Hermelin were temporarily stayed.

On November 28, 2012, Public Pension filed a motion with the Bankruptcy Court seeking relief from the stay order as it related to KV so that Public Pension could file an amended complaint. Public Pension subsequently withdrew this motion.[1] On December 6, 2012, Public Pension filed the instant motion before this Court to modify the stay as it relates to Hermelin.

II. Discussion

Public Pension does not dispute the Court's authority to stay the proceedings as to the debtor KV.  Indeed, the automatic stay codified in 11 U.S.C. § 362(a)(1) provides, in relevant part:

---

[1] In its reply brief Public Pension states that the motion was "voluntarily withdrawn without prejudice when it was determined that any recovery against KV's bankruptcy estate was unlikely given the priority scheme of the Bankruptcy Code and the likely subordination of any securities law claims."

> (a)  Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of —
>
> (1)  the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title . . .

11 U.S.C. § 362(a)(1) (emphasis added). Public Pension argues, however, that the stay should not have extended to the non-debtor defendant Hermelin.

The parties acknowledge that there is an exception to § 362(a)(1) that "relate[s][] to nonbankrupt codefendants in unusual circumstances[.]" See In re Panther Mountain Land Dev., LLC, 686 F.3d at 921. When such circumstances exist, the stay may be extended to non-debtors. Id. However, the Eighth Circuit has not definitively answered the question of whether a district court or a bankruptcy court should determine the applicability of the exception.

In his response brief, Hermelin points to various cases which hold that a court other than a bankruptcy court is not precluded from determining whether a matter pending before it is subject to a stay. Nieto v. Unitron, LP, 2006 WL 2255435, *4 (E.D. Mich. 2006) (citing Singleton v. Fifth Third Bank, 230 B.R. 533, 539 (B.A.P. 6th Cir. 1999); N.LR.B. v. Edward Cooper Painting, Inc., 804 F.2d 934, 938-39 (6th Cir. 1986) (the court in which litigation is pending has jurisdiction to determine whether the stay applies). "Whether [a] stay applies to litigation otherwise within the jurisdiction of a district court . . . is an issue of law within the competence of [] the court within which the litigation is pending." In re Baldwin-United Corp. Litigation, 765 F.2d 343, 347 (2nd

Cir. 2001). However, none of these cases involved a situation where the district court was requested to extend a § 362(a)(1) stay to a non-debtor.

Some courts have held that the proper procedure for extending the stay to a non-debtor is for the debtor to submit a motion with such a request to the bankruptcy court. The bankruptcy court would then determine whether the non-debtor satisfies the unusual circumstances standard. See Zurich Am. Ins. Co. v. Trans Cal Assocs., 2011 U.S. Dist. LEXIS 145080, *7 (E.D. Cal. Dec. 15, 2011); Alvarez v. Bateson, 932 A.2d 815, 821 (Md. Ct. Spec. App. 2007) ("[T]he weight of authority holds that, in order for an automatic stay pursuant to section 362 to be applied to a non-bankrupt co-defendant, the debtor must request and obtain a stay from the bankruptcy court where the current action is pending."); In re Trans-Service Logistics, Inc., 304 B.R. 805, 806-807 (Bankr. S.D. Ohio 2008) (district court directed the bankruptcy court to determine whether the stay should be extended to non-debtors); Patton v. Bearden, 8 F.3d 343, 349 (6th Cir. 1993) ("Even if we [the Court of Appeals] were to adopt the unusual circumstances test, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105."); Wilmoco Capital Mgmt., LLC v. UBS Fin Servs., 2007 U.S. Dist. LEXIS 82567 (E.D. Mich. Nov. 7, 2007) (whether a stay should be extended to a non-bankrupt entity because of unusual circumstances is a question for the bankruptcy court).

In Lee v. RCN Corporation, 2004 WL 2108577, *1 (N.D. Ill. 2004), the court was faced with a set of facts almost identical to those in this case. Plaintiff filed an action in the district court against RNC, the debtor corporation, and Robert Currey, the non-debtor officer of RNC. Id. After RNC filed a voluntary bankruptcy petition, Currey filed a motion in the district court to stay proceedings pursuant to § 362, arguing that the

automatic stay should also be applicable to him. Id. The district court acknowledged the existence of the "unusual circumstances" exception. Id.  Currey argued that extending the stay to him was warranted because RCN had an obligation to indemnify him. Id. However, despite acknowledging that such an argument made a "colorable claim for extension" the court denied Currey's motion. Id. at *1-2. The district court wrote:

> The bankruptcy court is in the best position to evaluate the effect on the bankruptcy estate, if any, of litigation against a nondebtor co-defendant. And the request should be filed by the debtor because it is the debtor's interests, not those of the nondebtor co-defendants, that are intended to be protected by an extension of the stay.

Id. at *1.

In C.H. Robinson Co. v. Paris & Sons, Inc., 180 F. Supp. 2d 1002 (N.D. Iowa 2001), the Northern District of Iowa wrote: "[I]t is this court's opinion that the Eighth Circuit Court of Appeals would agree . . . to require that the debtor affirmatively move the bankruptcy court to extend the automatic stay to actions involving non-bankrupt codefendants." Id. at 1015.  The district court then went on to cite several other cases involving other nonbankruptcy courts that refused to extend the stay on the same basis.

Taking into consideration all authority pertinent to the jurisdictional issue, the Court finds that its August 10, 2012 order staying the proceedings against Hermelin was inappropriate.  Therefore, the stay order shall be vacated pursuant to Fed. R. Civ. P. 60 as it pertains to Hermelin only. See Fed. R. Civ P. 60(b)(1) ("On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake [or] inadvertence[.]").

**IT IS HEREBY ORDERED** that the motion of plaintiff Public Pension Fund Group to modify court order granting stay with respect to non-debtor defendant [Doc. #149] is **granted**.

**IT IS FURTHER ORDERED** that the August 10, 2012 order staying all proceedings in this case is **vacated** only as to defendant Marc Hermelin.  The proceedings in this case remain stayed as to defendant KV Pharmaceutical Company.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2013.